Law Offices of Jerry L. Steering

Jerry L. Steering [State Bar No. 122509]
Brenton Whitney Aitken Hands [State Bar No. 308601]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerry@steeringlaw.com
brentonaitken@gmail.com
Attorneys for plaintiff Calvin Lorenzo Morris

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALVIN LORENZO MORRIS<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, LOS ANGELES WORLD AIRPORTS and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983); CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4), CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4); CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS (U.S. CONST. AMEND 1); CLAIM FOR UNLAWFUL / UNREASONABLE SEARCH AND SEIZURE OF PROPERTY (U.S. CONST. AMEND 4); *MONELL* CLAIM FOR FAILURE TO TRAIN; CLAIM FOR VIOLATION OF DUE PROCESS OF LAW (U.S. CONST. AMEND 4 and 14)<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff Calvin Lorenzo Morris, and shows this honorable court the following:

## JURISDICTION AND VENUE

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of Los Angeles, County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Calvin Lorenzo Morris, hereinafter referred to as "MORRIS" and/or "plaintiff" and/or "Calvin Morris," is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

4. Defendant City of Los Angeles, hereinafter also referred to as "City of Los Angeles" or "CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

5. Defendant County of Los Angeles, hereinafter referred to as "County of Los Angeles" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

6. Defendant Los Angeles World Airports, hereinafter also referred to as "Los Angeles World Airports" or "LAWA", is a political subdivision of the City of Los Angeles and the State of California, and is a municipal/public entity, located within the territorial jurisdiction of this Honorable Court.

7. Defendants DOES 1 and 2, inclusive, are sworn peace officers and/or police officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant City of Los Angeles, or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action,

Law Offices of Jerry L. Steering

whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. Defendants DOES 3 and 4, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendants County of Los Angeles, or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. Defendants DOES 5 and 6, inclusive, are sworn peace officers and/or Los Angeles Airport police officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant Los Angeles World Airports / City of Los Angeles, or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendants City of Los Angeles, County of Los Angeles, Los Angeles World Airports / Los Angeles Airport Police Department, or some other public entity, and were acting in the course of and within the scope of their employment with defendants Los Angeles World Airports / Los Angeles Airport Police Department, City of Los Angeles, County of Los Angeles County, and/or some other

Law Offices of Jerry L. Steering

public entity.

11. Defendants DOES 7 and 8, inclusive, are sworn peace officers and/or police officers, and/or the Chief of Police, and/or Assistant Police Chiefs, and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as), and are policy making and/or final policy making officials, employed by the City of Los Angeles, including the Los Angele Police Department and the Los Angeles Airport Police, and/or the Los Angles World Airport Division of the City of Los Angeles, or some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), via failure to train its officers, via failure to discipline its officers, and by such as by creating and/or causing the creation and/or the maintenance of, and/or contributing to, the creation of the policies and/or practices and/or customs and/or usages of the City of Los Angeles / Los Angeles Police Department and the Los Angeles Airport Police, for:

1) wrongfully / unlawfully arresting persons, in the absence of a warrant or probable cause to reasonably suspect that such arrestees committed a crime;

2) using excessive / unreasonable force on persons;

3) unlawfully detaining and unlawfully seizing persons, including otherwise lawfully seizing persons in an unreasonable manner;

4) unlawfully searching and seizing persons and their personalty / property;

5) unlawfully incarcerating persons beyond 48 hours following their warrantless arrests, without being brought before a Judge[1], or otherwise being given a probable cause for warrantless arrest determination/hearing following persons' warrantless arrests, in violation of procedural and substantive due process rights under state

---

[1] Or other judicial officer, such as a Superior Court Commissioner.

Law Offices of Jerry L. Steering

statutory and federal constitutional law;

6) fabricating evidence, such as by authoring false police reports to justify their false arrests and to keep innocents who they arrested incarnated for felonious charges, and

7) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech, such as to record police actions, by arresting innocents for recording Los Angeles Police Department / Los Angeles Airport Police police officers.

12. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff. DOES 1 through 10, inclusive, were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

13. Moreover, at all times complained of herein, DOES 7 and 8, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief of Police, and/or Assistant Police Chiefs, and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as), and are policy making and/or final policy making officials, employed by the City of Los Angeles, including the Los Angele Police Department and the Los Angeles Airport Police, and/or the Los Angles World Airport Division of the City of Los Angeles, or some other public entity, and in the course of and within the course of their employment with the City of Los Angeles, including the Los Angele Police Department and the Los Angeles Airport Police, and/or the Los Angles World Airport Division of the City of Los Angeles, or some other public entity.

14. Defendants DOES 9 and 10, inclusive, are sworn peace officers and/or the Sheriff of Los Angeles County and/or the Undersheriff of Los Angeles County and/or Assistant Sheriffs of Los Angeles County, and/or Los Angeles County Sheriff's Department Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or

Law Offices of Jerry L. Steering

Detectives and/or policy making and/or final policy making officials, employed by the County of Los Angeles / Los Angeles County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or maintained and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), via failure to properly train its deputy sheriffs and other Los Angeles County Sheriff's Department sworn peace officers, such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Los Angeles for unlawfully incarcerating persons beyond 48 hours following their warrantless arrests, without being brought before a Judge , or otherwise being given a probable cause for warrantless arrest determination/hearing following persons' warrantless arrests, in violation of procedural and substantive due process rights under state statutory and federal constitutional law.

15. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Calvin Morris of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Calvin Morris of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Calvin Morris' federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON**
**UNDER FOURTH AMENDMENT TO UNITED STATES CONSTITUTION**

Law Offices of Jerry L. Steering

**[42 U.S.C. § 1983]**
**(By Plaintiff CALVIN MORRIS against Defendants DOES 1 and 2, 5 and 6)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. On December 22, 2020, plaintiff MORRIS was at Los Angeles International Airport ("LAX") using a kiosk to find his flight at the check-in counter of United Airlines, when another male United Airlines passenger became upset with plaintiff, as her was under the misperception that plaintiff had cut in line in front of the man.

19. Plaintiff MORRIS was then verbally accosted by that male passenger who threatened to beat him up for cutting in line in front of him.

20. In response to said threat of bodily harm by that other United Airlines passenger, plaintiff MORRIS told that man that if the man were to hit plaintiff, that plaintiff would sue him.

21. That other United Airlines passenger approached the United Airlines check-in counter, and was then given his boarding pass and proceeded to the gate to board his flight.

22. Plaintiff MORRIS then approached the check-in counter and told the ticket agent that he wanted to change flights, because the encounter with the male United Airlines passenger had made him feel uncomfortable and in danger if he board his flight.

23. The ticket agent at the United Airlines counter agent told plaintiff MORRIS that he could either change his flight or receive a refund, and plaintiff opted to receive a refund and attempt to find another airline to travel on.

24. After plaintiff MORRIS obtained a refund from United Airlines, he turned around and a police officer with the Los Angeles Airport Police Department ("LAAPD"), DOE 5, accosted plaintiff and asked him what the verbal exchange was about between him and that United Airlines passenger who had threatened to beat him up.

25. Plaintiff explained to said Los Angeles Airport police officer, DOE 5, that it was a misunderstanding about him cutting in line in front of the male passenger, that the male passenger had threatened to beat him up for cutting in line in front of him, that

Law Offices of Jerry L. Steering

plaintiff had then stepped back and told the threatening male passenger to please step in front of him in line, and that plaintiff threatened to sue the male passenger if the male passenger hit the plaintiff.

26. Almost immediately thereafter, plaintiff MORRIS was approached / accosted by another Los Angeles Airport Police Department police officer, DOE 6, and by two Los Angeles Police Department police officers, DOES 1 and 2, who were told by plaintiff that same version of the events between him and the United Airlines passenger who had threatened him, as he had just told to DOE 5; above-described.

27. Also, because DOES 1 and 2, and DOE 6 approached plaintiff in an aggressive and threatening manner, plaintiff began recording DOES 1 and 2 and DOES 5 and 6 with his cell phone.

28. DOES 1 and 2 and DOES 5 and 6 told plaintiff to put his cell phone away, and plaintiff complied with those orders.

29. Plaintiff MORRIS was then told by DOES 1 and 2 and DOES 5 and 6 that "*You can't say that!*"[2], and was violently tackled to the ground, including slamming plaintiff's knees and head down onto the airport floor by DOES 1 and 2 and DOES 5 and 6, without telling plaintiff that he was under arrest and without warning and without providing the plaintiff with any opportunity to surrender to DOES 1 and 2 and DOES 5 and 6, handcuffed plaintiff and took him into police custody as under arrest for violation of Cal. Penal Code § 422; criminal threats.

30. The tackling and slamming of plaintiff down onto the floor, was done with excessive force, and otherwise without legal justification.

31. When DOES 1 and 2 and DOES 5 and 6, tackled plaintiff and slammed him down onto the floor of the airport, they then handcuffed him. When they did so, they cinched down the handcuffs on plaintiff excessively tight, such as to cause injuries to plaintiff's wrists, in another showing of excessive force.

32. These actions by DOES 1 and 2 and DOES 5 and 6, injured plaintiff, and

[2] Or words to that effect.

Law Offices of Jerry L. Steering

caused him to suffer great physical and emotional pain and suffering.

33. Plaintiff MORRIS was then placed into the back of an LAPD patrol car by DOES 5 and 6, and was transported to an LAPD station / substation for booking.

34. Plaintiff had no idea why he was arrested or what he did wrong, as he only threatened to sue the United Airlines passenger who threatened to beat him up if he actually did so, and did not threaten to inflict physical harm on that man.

35. After being booked and jailed at the LAPD station / substation, plaintiff MORRIS was then transported to the Los Angeles County Sheriff's Department's Twin Towers Correctional Facility (Jail), in downtown Los Angeles by DOES 5 and 6, where he again booked and thereafter remained incarcerated and in custody by the Los Angeles County Sheriff's Department ("LASD") until January 8, 2022.

36. After going through the intake center at the Twin Towers Correctional Facility (Jail), plaintiff MORRIS still did not know what he had been arrested and imprisoned for. At some time during his imprisonment, plaintiff discovered he had been arrested for a violation of Cal. Penal Code § 422; Criminal Threats.

37. Plaintiff MORRIS remained in jail until January 8, 2021, a total of 18 days in custody, without being taken to court, without being arraigned or given a probable cause determination hearing for his arrest, and without being charged with any crime by the Los Angeles County District Attorney's Office.

38. Thereafter, on or about January 8, 2021, plaintiff MORRIS had complained about being assaulted by another inmate and had asked deputy(s), DOE 3 to be transferred to another cell. It was only then that plaintiff MORRIS was told by defendant(s) DOE 3 and/or DOE 4 to "get out",[3] and plaintiff was released from jail with his suitcase; without being charged with any crime by the Los Angeles County District Attorney's Office.

39. As shown above, plaintiff MORRIS spent a total of 18 days in custody without a probable cause determination hearing, arraignment, or ever being charged with

---

[3] Or words to that effect.

Law Offices of Jerry L. Steering

a crime, in violation of plaintiff MORRIS' due process rights under the Fourth and Fourteenth Amendments to the United States Constitution and federal law.[4]

40. The actions of defendants DOES 1 through 10, inclusive, as complained above herein, constituted a violation of the plaintiff MORRIS' rights under the Fourth Amendment to the United States Constitution to be free an unlawful seizure of his person by said police officers (DOES 1 and 2, and DOES 5 and 6), in the absence of reasonable suspicion to have detained the plaintiff, and in the absence of probable cause to be free from an arrest of his person in the absence of a valid warrant, or probable cause to believe that the plaintiff had committed a crime, in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

42. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiff MORRIS' constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 1 and 2, and DOES 5 and 6, in an amount to be proven at trial, in excess of $5,000,000.00 each.

## SECOND CAUSE OF ACTION
## USE OF UNREASONABLE / EXCESSIVE FORCE UPON PERSON UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION [42 U.S.C. § 1983]
**(By Plaintiff CALVIN MORRIS against Defendants DOES 1 and 2, 5 and 6)**

43. Plaintiff hereby realleges and incorporates by reference the allegations set

---

[4] In violation of Cal. Penal Code § 825 and in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Law Offices of Jerry L. Steering

forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. As shown above, on December 22, 2020, when after plaintiff MORRIS obtained a refund from United Airlines, he turned around and a police officer with the Los Angeles Airport Police Department ("LAAPD"), DOE 5, accosted plaintiff and asked him what the verbal exchange was about between him and that United Airlines passenger who had threatened to beat him up.

45. Also as shown above, plaintiff explained to said Los Angeles Airport police officer, DOE 5, that it was a misunderstanding about him cutting in line in front of the male passenger, that the male passenger had threatened to beat him up for cutting in line in front of him, that plaintiff had then stepped back and told the threatening male passenger to please step in front of him in line, and that plaintiff threatened to sue the male passenger if the male passenger hit the plaintiff.

46. Also as shown above, almost immediately thereafter, plaintiff MORRIS was approached / accosted by another Los Angeles Airport Police Department police officer, DOE 6, and by two Los Angeles Police Department police officers, DOES 1 and 2, who were told by plaintiff that same version of the events between him and the United Airlines passenger who had threatened him, as he had just told to DOE 5; above-described.

47. Also as shown above, because DOES 1 and 2, and DOE 6 approached plaintiff in an aggressive and threatening manner, plaintiff began video recording DOES 1 and 2 and DOES 5 and 6 with his cell phone.

48. Also as shown above, DOES 1 and 2 and DOES 5 and 6 then told plaintiff to put his cell phone away, and plaintiff complied with those orders.

49. Also as shown above, plaintiff MORRIS was then told by DOES 1 and 2 and DOES 5 and 6 that "You can't say that!" , and was then violently tackled down onto the ground, including slamming plaintiff's knees and head down onto the airport floor by DOES 1 and 2 and DOES 5 and 6; without being told that he was under arrest, without any warning, and without providing the plaintiff with any opportunity to surrender to

Law Offices of Jerry L. Steering

DOES 1 and 2 and DOES 5 and 6, and was then handcuffed and taken into police custody as under arrest for violation of Cal. Penal Code § 422; criminal threats.

50. Also as shown above, the tackling and slamming of plaintiff down onto the floor, was done with excessive force, and otherwise without legal justification.

51. Also as shown above, when DOES 1 and 2 and DOES 5 and 6, tackled plaintiff and slammed him down onto the floor of the airport, they then handcuffed him. When they did so, they cinched down the handcuffs on plaintiff excessively tight, such as to cause injuries to plaintiff's wrists, in another showing of excessive force.

52. Also as shown above, these actions by DOES 1 and 2 and DOES 5 and 6, injured plaintiff, and caused him to suffer great physical and emotional pain and suffering.

53. Said unreasonable use of force upon and the handcuffing of the plaintiff MORRIS by said defendants, above-referenced, was done by said defendant police officers, without reasonable cause to believe that the plaintiff MORRIS had done anything wrong, and without probable cause to believe that he had committed a crime, and, without any reasonable belief that the use of force upon the plaintiff was lawful or reasonable.

54. Moreover, said force used by said defendants against the plaintiff was unlawful, unreasonable, excessive and outrageous.

55. Accordingly, said unreasonable use of force upon plaintiff MORRIS was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

56. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00 each.

57. The actions of said defendants, and each of them, as complained of herein,

were committed maliciously, oppressively and in reckless disregard of the plaintiff MORRIS' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendants LAWA, CITY and COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

## THIRD CAUSE OF ACTION
## VIOLATION OF DUE PROCESS RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
**[42 U.S.C. § 1983]**
**(By Plaintiff CALVIN MORRIS against Defendants 3 and 4)**

58. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57, inclusive, above, as though set forth in full herein.

59. As shown above, plaintiff MORRIS was arrested by defendants DOES 1 through 8, inclusive, on December 22, 2020.

60. Also as shown above, plaintiff MORRIS was then transported to an LAPD station / substation where he was booked, and was then transported to the Twin Towers Correctional Facility in Los Angeles, California.

61. Also as shown above, plaintiff MORRIS was kept confined in jail for 18 days without the Los Angeles County District Attorney's Office having filed criminal charges against the plaintiff, who was finally released on January 8, 2021; spending a total of 18 days in custody without a warrant for plaintiff's arrest, without a probable cause determination hearing for his arrest and incarceration, without being arraigned on any criminal charges, without ever having been taken to court, without ever seen a Judge or other Judicial Officer, and without ever being charged with a crime by the Los Angeles District Attorney's Office; in violation of plaintiff MORRIS' due process rights under Cal. Penal Code § 825, and under the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate result of the actions of defendants DOES 3 and 4, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and

incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

63. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs MORRIS' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendants LAWA, CITY and COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF RIGHT TO RECORD POLICE ACTIONS UNDER FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**

64. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as though set forth in full herein.

65. As shown above, almost immediately after plaintiff explained to DOE 5 what had gone on between himself and the man who had threatened to beat him up, plaintiff MORRIS was approached / accosted by another Los Angeles Airport Police Department police officer, DOE 6, and by two Los Angeles Police Department police officers, DOES 1 and 2, who were told by plaintiff that same version of the events between him and the United Airlines passenger who had threatened him, as he had just told to DOE 5; above-described.

66. Also, because DOES 1 and 2, and DOE 6 approached plaintiff in an aggressive and threatening manner, plaintiff began recording DOES 1 and 2 and DOES 5 and 6 with his cell phone.

67. DOES 1 and 2 and DOES 5 and 6 told plaintiff to put his cell phone away, and plaintiff complied with those orders.

68. Plaintiff MORRIS was then told by DOES 1 and 2 and DOES 5 and 6 that

Law Offices of Jerry L. Steering

"*You can't say that!*"[5], and was violently tackled to the ground, including slamming plaintiff's knees and head down onto the airport floor by DOES 1 and 2 and DOES 5 and 6, without telling plaintiff that he was under arrest and without warning and without providing the plaintiff with any opportunity to surrender to DOES 1 and 2 and DOES 5 and 6, handcuffed plaintiff and took him into police custody as under arrest for violation of Cal. Penal Code § 422; criminal threats.

69. The tackling and slamming of plaintiff down onto the floor, was done with excessive force, and otherwise without legal justification.

70. When DOES 1 and 2 and DOES 5 and 6, tackled plaintiff and slammed him down onto the floor of the airport, they then handcuffed him. When they did so, they cinched down the handcuffs on plaintiff excessively tight, such as to cause injuries to plaintiff's wrists, in another showing of excessive force.

71. These actions by DOES 1 and 2 and DOES 5 and 6, injured plaintiff, and caused him to suffer great physical and emotional pain and suffering.

72. Plaintiff MORRIS was then placed into the back of an LAPD patrol car by DOES 5 and 6, and was transported to an LAPD station / substation for booking.

73. Plaintiff had no idea why he was arrested or what he did wrong, as he only threatened to sue the United Airlines passenger who threatened to beat him up if he actually did so, and did not threaten to inflict physical harm on that man.

74. After being booked and jailed at the LAPD station / substation, plaintiff MORRIS was then transported to the Los Angeles County Sheriff's Department's Twin Towers Correctional Facility (Jail), in downtown Los Angeles by DOES 5 and 6, where he again booked and thereafter remained incarcerated and in custody by the Los Angeles County Sheriff's Department ("LASD") until January 8, 2022.

75. After going through the intake center at the Twin Towers Correctional Facility (Jail), plaintiff MORRIS still did not know what he had been arrested and imprisoned for. At some time during his imprisonment, plaintiff discovered he had been

[5] Or words to that effect.

Law Offices of Jerry L. Steering

arrested for a violation of Cal. Penal Code § 422; Criminal Threats.

76. A substantial or motivating factor in the decision of defendants DOES 1, 2, 5 and 6 to arrest the plaintiff, to use unreasonable force upon him, and to take him to jail and to book him on bogus / false charge of violation of Cal. Penal Code § 422, was plaintiff video recording said police officers, in violation of his right to video record police actions under the First Amendment to the United States Constitution.

77. As a direct and proximate result of the actions of defendants DOES 3 and 4, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

78. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs MORRIS' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendants LAWA, CITY and COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00 each.

## FIFTH CAUSE OF ACTION
## [VIOLATION OF 42 U.S.C. § 1983]
## CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON FAILURE TO TRAIN and POLICY VIA LONGSTANDING CUSTOMS AND PRACTICES (*Monell* Claims)
## (By Plaintiff CALVIN MORRIS against Defendants DOES 7 through 10, inclusive, City of Los Angeles, County of Los Angeles, Los Angeles World Airports)

79. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80. As shown above, when defendants DOES 1 through 10, inclusive, deprived plaintiff MORRIS of his particular rights under the United States Constitution, they were acting under the color of state law.

81. Also as shown above, defendants DOES 7 and 8, inclusive, are sworn peace officers and/or police officers, and/or the Chief of Police, and/or Assistant Police Chiefs,

and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as), and are policy making and/or final policy making officials, employed by the City of Los Angeles, including the Los Angele Police Department and the Los Angeles Airport Police, and/or the Los Angles World Airport Division of the City of Los Angeles, or some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), via failure to train its officers, via failure to discipline its officers, and by such as by creating and/or causing the creation and/or the maintenance of, and/or contributing to, the creation of the policies and/or practices and/or customs and/or usages of the City of Los Angeles / Los Angeles Police Department and the Los Angeles Airport Police, for:

1) wrongfully / unlawfully arresting persons, in the absence of a warrant or probable cause to reasonably suspect that such arrestees committed a crime;

2) using excessive / unreasonable force on persons;

3) unlawfully detaining and unlawfully seizing persons, including otherwise lawfully seizing persons in an unreasonable manner;

4) unlawfully searching and seizing persons and their personalty / property;

5) unlawfully incarcerating persons beyond 48 hours following their warrantless arrests, without being brought before a Judge[6], or otherwise being given a probable cause for warrantless arrest determination/hearing following persons' warrantless arrests, in violation of procedural and substantive due process rights under state statutory and federal constitutional law;

6) fabricating evidence, such as by authoring false police reports to justify their false arrests and to keep innocents who they arrested incarnated for felonious

[6] Or other judicial officer, such as a Superior Court Commissioner.

charges, and

7) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech, such as to record police actions, by arresting innocents for recording Los Angeles Police Department / Los Angeles Airport Police police officers.

82. Also as shown above, defendants DOES 9 and 10, inclusive, are sworn peace officers and/or the Sheriff of Los Angeles County and/or the Undersheriff of Los Angeles County and/or Assistant Sheriffs of Los Angeles County, and/or Los Angeles County Sheriff's Department Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or policy making and/or final policy making officials, employed by the County of Los Angeles / Los Angeles County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or maintained and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), via failure to properly train its deputy sheriffs and other Los Angeles County Sheriff's Department sworn peace officers, such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Los Angeles for unlawfully incarcerating persons beyond 48 hours following their warrantless arrests, without being brought before a Judge , or otherwise being given a probable cause for warrantless arrest determination/hearing following persons' warrantless arrests, in violation of procedural and substantive due process rights under state statutory and federal constitutional law.

The training policies of defendants LAWA, CITY, COUNTY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants LAWA, CITY, COUNTY and DOES 7 through

Law Offices of Jerry L. Steering

10, inclusive, failed to train its police officers and deputy sheriffs that they have no right to arrest persons who have not violated any law in the absence of an arrest warrant for any such person, or, in the absence of both probable cause to believe that the person committed a crime.

83. A proximate cause of the actions of DOES 1, 2 and 5 and 6 in unlawfully arresting plaintiff, in using excessive force upon plaintiff, in falsely charging him with violation of Cal. Penal Code § 422, in retaliating against the plaintiff for video recording said defendants police officers and in taking plaintiff to jail and if booking him for violation of Cal. Penal Code § 422, were those policies, customs practices and usages of defendants LAWA and CITY described in paragraph 81, above.

84. A proximate cause of the actions of DOES 3 and 4, in keeping the plaintiff incarcerated at the Los Angeles County Twin Towers Jail from December 22, 2022 to January 8, 2022, were those policies, customs practices and usages of defendant COUNTY described in paragraph 82, above.

85. As a direct and proximate result of the actions of defendants COUNTY and DOES 9 and 10, inclusive, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF DUE PROCESS RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**
**(By Plaintiff CALVIN MORRIS against all Defendants 3 and 4)**

86. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, above, as though set forth in full herein.

87. As shown above, plaintiff MORRIS was arrested by defendants DOES 1 through 8, inclusive, on December 22, 2020.

88. Plaintiff MORRIS was then transported to an LAPD substation where he

Law Offices of Jerry L. Steering

was booked, then transported to the Twin Towers Correctional Facility in Los Angeles, California.

89. DOES 3 and 4 knew that plaintiff MORRIS was kept confined in jail for 18 days without the Los Angeles County District Attorney's Office having filed criminal charges against the plaintiff, without a warrant for his arrest, without having been arraigned on any criminal charges, and without having been provided a probable cause for warrantless arrest hearing, without ever having seen a Judge or other judicial officer, and in excess of 48 hours after he was jailed at the Twin Towers Jail, and kept him confined in said jail from December 22, 2020 through January 8, 2020 in spite of those facts.

90. Accordingly, DOES 3 and 4 violated plaintiffs due process rights under Cal. Penal Code § 825, and under the Fourteenth Amendment to the United States Constitution.

91. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff MORRIS was substantially physically, mentally and emotionally injured, and incurred other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

92. The actions of defendants, DOES 3 and 4, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of the plaintiffs MORRIS' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants in excess of $5,000,000.00 each.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b) For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other further relief as this honorable court deems just and equitable.

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF CALVIN LORENZO MORRIS

**JURY DEMAND**

**COMES NOW** plaintiff Calvin Lorenzo Morris and demand a Trial By Jury in this action.

Dated: December 21, 2021

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF CALVIN LORENZO MORRIS