O

# United States District Court
# Central District of California

| | |
|---|---|
| CALVIN LORENZO MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | Case № 2:22-cv-09277-ODW (MRWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS [12] [21]** |

## I. INTRODUCTION

On December 21, 2022, Plaintiff Calvin Lorenzo Morris ("Morris") initiated this excessive force action against Defendants County of Los Angeles ("County"), City of Los Angeles ("City"), and Los Angeles World Airports ("LAWA") (collectively, "Defendants"). (Compl., ECF No. 1.) Defendants move to dismiss Morris's fourth and fifth causes of action, brought pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (County Notice Mot. Dismiss ("Cnty. Notice") 2, ECF No. 12; City-LAWA Notice Mot. Dismiss ("City-LAWA Notice") 2, ECF No. 21.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motions to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with County's and City-LAWA's Motions (together, "Motions"), the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In determining whether Morris sufficiently states the challenged causes of action, the Court takes Morris's well-pleaded factual allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

On December 22, 2020, Morris was in an airline kiosk check-in line at Los Angeles International Airport when another passenger verbally accosted him. (Compl. ¶¶ 18–20.) Officers with the Los Angeles Airport Police and the Los Angeles Police Department ("LAPD") quickly arrived. (*Id.* ¶¶ 24–26.) Morris felt threatened and started recording the officers with his cell phone. (*Id.* ¶ 27.) Officers directed Morris to put his cell phone away and, although he complied, they tackled him to the ground and arrested him without notice or warning. (*Id.* ¶¶ 28–30, 34.)

Officers transported Morris to an LAPD station for booking and then transferred him to the Los Angeles County Sheriff's Department's Twin Towers Correctional Facility. (*Id.* ¶¶ 33, 35–36.) Morris remained incarcerated from December 22, 2020, until January 8, 2021. (*Id.* ¶ 37.) Morris spent a total of eighteen days in custody without a probable cause hearing, arraignment, or criminal charge. (*Id.* ¶ 39.)

Based on the above allegations, Morris initiated this action against Defendants and several DOE defendants, asserting six causes of action pursuant to 42 U.S.C. § 1983: (1) Fourth Amendment—unreasonable seizure of a person; (2) Fourth Amendment—unreasonable or excessive use of force; (3) Fourth and Fourteenth Amendments—violation of due process; (4) First Amendment—violation of right to record police actions; (5) Municipal liability—failure to train, and policy or custom (*Monell* claim); (6) Fourth and Fourteenth Amendments—violation of due process rights. (*Id.* ¶¶ 17–92.)

Defendants now move to dismiss Morris's fourth and fifth causes of action pursuant to Federal Rules of Civil Procedure ("Rule") 8 and 12(b)(6). (Cnty. Notice 2; City-LAWA Notice 2–3.) The Motions are fully briefed. (*See* County

Mem. ISO Mot. Dismiss ("Cnty. Mot."), ECF No. 12-1; City-LAWA Mem. ISO Mot. Dismiss ("City-LAWA Mot."), ECF No. 21-1; Opp'n County Mot. ("Opp'n Cnty."), ECF No. 18; Opp'n City-LAWA Mot. ("Opp'n City-LAWA"), ECF No. 31; County Reply, ECF No. 20; City-LAWA Reply, ECF No. 33.) As the Motions are substantially identical, the Court addresses them together.

### III. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a claim based on the lack of a cognizable legal theory or the absence of sufficient factual allegations under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). While "the proper length and level of clarity for a pleading cannot be defined with any great precision," "a pleading that [is] needlessly long, or . . . highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)).

To survive a Rule 12(b)(6) motion to dismiss, factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. Although a court must view these allegations in the light most favorable to the

plaintiff, it is not required to blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Defendants move to dismiss Morris's fourth and fifth causes of action pursuant to Rules 8 and 12(b)(6). (Cnty. Mot. 4–6; City-LAWA Mot. 5–8.) Morris opposes, in part. Morris does *not* oppose dismissal of the fourth cause of action, for violation of the right to record police actions, specifically as to these Defendants, (Opp'n City-LAWA 4 (stating that the fourth cause of action is asserted against DOE defendants)), but he *does* oppose dismissal of the fifth cause of action, for municipal liability pursuant to *Monell*, (Opp'n Cnty. 4; Opp'n City-LAWA 4).[2]

### A. Fourth Cause of Action—Violation of Right to Record Police

Defendants argue Morris's fourth cause of action fails against them because Morris (1) does not specify the defendants against whom he asserts this cause of action, and (2) does not assert any allegations specifically against Defendants County or LAWA in support of this cause of action. (Cnty. Notice 2; City-LAWA Notice 2.)

In Morris's fourth cause of action, he alleges that defendants DOES 1 and 2 (City employees), DOES 3 and 4 (County employees), and DOES 5 and 6 (LAWA employees) violated his right to record police actions under the First Amendment when they told Morris to "put his cell phone away" after he began recording them. (Compl. ¶¶ 7–9, 64–78.) Morris seeks damages pursuant to this cause of action "against said defendants, *save* defendants LAWA, CITY and COUNTY." (*Id.* ¶ 78 (emphasis added).) Thus, Morris's allegations indicate that he does not assert the fourth cause of action against County, City, or LAWA. Further, Morris concedes in his Opposition that he asserts the fourth cause of action "purely against the DOE defendants." (Opp'n City-LAWA 4.)

---

[2] Morris also opposes dismissal of the third cause of action, for due process violation. (Opp'n Cnty. 2.) As Defendants do not move to dismiss the third cause of action, it is not at issue here.

As Morris confirms that he does not assert the fourth cause of action against County, City, or LAWA, the Court **DENIES** as moot the Motions as to the fourth cause of action.

**B.     Fifth Cause of Action—Municipal Liability (*Monell* Claim)**

Defendants also argue that Morris's fifth cause of action for *Monell* liability fails because Morris alleges in only conclusory terms that Defendants had a policy to encourage over detention and to fail to train deputies on warrantless arrests. (Cnty. Mot. 5; City-LAWA Mot. 7.)

To state a claim for *Monell* liability, a plaintiff must allege a constitutional injury that results from, among other things, a custom or policy of the municipality, *Monell*, 436 U.S. at 690–91, or a failure to train the municipality's police officers, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Where *Monell* liability is based on a policy or custom, a plaintiff must allege several threshold requirements: "(1) that [the plaintiff] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (first alteration in original). A "[f]ailure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Id*.

Beyond the threshold requirements, a plaintiff must satisfy additional elements. To establish that "the municipality had a policy," *id.*, a plaintiff must do more than merely allege that a municipal defendant "maintained or permitted an official policy . . . of knowingly permitting . . . the type of wrongs" a plaintiff alleges elsewhere in the complaint, *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Rather, to state a cause of action for *Monell* liability, a plaintiff must sufficiently allege four things, as follows. *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1163 (E.D. Cal. 2010). First, the plaintiff must "identify the challenged

policy/custom." *Id*. Second, they must "explain how the policy/custom is deficient." *Id*. Third, they must "explain how the policy/custom caused the plaintiff harm." *Id*. Finally, the plaintiff must "reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Id*.

To "identify the specific challenged policy," *id.*, a plaintiff may point to "written policies, unwritten customs and practices, [or] failure to train municipal employees on avoiding certain obvious constitutional violations," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). Where a plaintiff does not identify an express policy, they nonetheless may state a *Monell* claim if they allege a practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). A plaintiff must allege more than a one-time incident; instead, they must allege "the existence of a pattern of tortious conduct by inadequately trained employees." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407–08 (1997); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (holding "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" under a failure-to-train theory).

Here, Morris alleges that Defendants have a longstanding practice or custom of "1) wrongfully/unlawfully arresting persons, in the absence of a warrant or probable cause . . . ; 2) using excessive/unreasonable force on persons; 3) unlawfully detaining and . . . seizing persons . . . ; 4) unlawfully searching and seizing persons . . . ; 5) unlawfully incarcerating persons beyond 48 hours following their warrantless arrests . . . ; [and] 6) fabricating evidence . . . ; 7) interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech . . . ." (Compl. ¶ 81.) Morris also alleges the municipalities' training policies "were not adequate to train their police officers." (*Id*. ¶ 82.)

However, other that these conclusory assertions, Morris does not allege any policy, custom, or failure to train, written or otherwise. Morris merely lists possible general policies but fails to allege any facts showing the existence of a policy or explain why it is inadequate. This is insufficient to state a claim for *Monell* liability. *See Johnson v. Baca*, No. 2:13-cv-04496 MMM (AJWx), 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013) (dismissing *Monell* claim where plaintiff failed "to allege any facts showing the existence of [the] custom or practice" or "the substance of the County defendants' current policy or [to] explain why it is inadequate"). Courts consistently reject *Monell* claims premised on such sweeping allegations of generic policies and customs in the absence of facts supporting their existence and applicability. *See Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018) (dismissing *Monell* claim where plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist"). Morris's failure to train theory is equally deficient, as he does not provide any "facts regarding the training the officers received" or "explain why the training was inadequate." *Id.*

Moreover, even if Morris had sufficiently alleged a policy or custom, he fails to allege a direct causal link between any such policy or custom and his alleged constitutional violations, or how any policy or custom caused him harm. (*See generally* Compl.) For instance, Morris alleges that LAPD officers tackled him when he began filming them. (*Id.* ¶¶ 27–29.) However, he does not connect the officers' conduct to any policy of Defendants that encourages such use of force when a citizen films officers. Without any such causal link, Morris's *Monell* claim must fail. *See Benavidez*, 993 F.3d at 1153 (affirming dismissal of *Monell* claims based on "failur[e] to allege a direct causal link between a County policy, custom, or practice and the alleged constitutional violations"); *Harvey v. City of South Lake Tahoe*, No. CIV S-10-1653 KJM (EFB PS), 2011 WL 3501687, at *3 (E.D. Cal. Aug. 9, 2011) (dismissing a *Monell* claim where plaintiff failed to allege that "employees acted pursuant to a County policy or custom").

Finally, Morris alleges only one incident—the arrest and subsequent incarceration. But "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Such isolated incidents as Morris alleges are "insufficient to establish an unconstitutional policy." *Roberts v. City of Santa Monica*, No. 2:14-cv-4056-GHK (Ex), 2015 WL 13915425, at *7 (C.D. Cal. July 13, 2015); *see Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (finding a single incident is "not sufficient to impose liability under *Monell*"). Nor is one incident sufficient to establish *Monell* liability based on a failure to train. *Connick v. Thompson*, 563 U.S. 51, 62, (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.").

Morris does not identify any policy, custom, or failure to train. He also does not explain how any policy, custom, or failure to train caused him harm. Accordingly, Morris fails to plead facts sufficient to sustain a cause of action for *Monell* liability. The Court therefore **GRANTS** Defendants' Motions and **DISMISSES** Morris's fifth cause of action.

### C.     Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Here, the Court cannot find, at this early stage, that any amendment would be futile. Accordingly, leave to amend is appropriate.

### V.     CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Dismiss. (ECF Nos. 12, 21.) Specifically, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Morris's

fourth cause of action, and **GRANTS** Defendants' Motion to Dismiss Morris's fifth cause of action, with leave to amend to remedy the deficiencies identified above.

If Morris chooses to amend, the First Amended Complaint is due no later than twenty-one (21) days from the date of this Order, in which case Defendants shall answer or otherwise respond within fourteen (14) days of Morris's filing of the First Amended Complaint. If Morris does not timely amend, the dismissal of his fifth cause of action shall be deemed a dismissal with prejudice as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

July 26, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**